# In the United States Court of Federal Claims

No. 12-690C

(Filed: November 15, 2013)

```
*************************************  *
                                       *
SAMUEL DUSTIN,                         *
                                       *
                Plaintiff,             *      Motion to Dismiss; Subject Matter
                                       *      Jurisdiction; Failure to State a
v.                                     *      Claim; RCFC 12(b)(1); RCFC
                                       *      12(b)(6); Student Loan Repayment
UNITED STATES,                         *      Program; Back Pay Act
                                       *
                Defendant.              *
                                       *
*************************************  *
```

*Ralph E. Avery*, Avery Law Firm, Washington, D.C. for Plaintiff.

*Michelle R. Milberg*, with whom were *Stuart F. Delery,* Assistant Attorney General, *Jeanne E. Davidson*, Director, *Scott D. Austin*, Assistant Director, U.S. Department of Justice, Washington, D.C., *Alfred Steinmetz*, Of Counsel, Staff Attorney, Veterans Administration, for Defendant.

OPINION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Before the Court are the Government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff Samuel Dustin filed his amended complaint upon which the Government's motions are based on August 8, 2013. Mr. Dustin seeks the award of monetary damages for the Government's non-compliance with an employment agreement under which the Government committed to remit student loan repayments on Mr. Dustin's behalf to Mr. Dustin's loan servicer. Shortly after Mr. Dustin's filing, the Government moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). The motion has been fully briefed. The Court deems oral argument unnecessary.

The Government's argument is twofold. First, the Government argues that Mr. Dustin has failed to establish subject matter jurisdiction in this Court because neither the Back Pay Act nor the statute underlying the Student Loan Repayment Program ("SLRP") is a money-mandating statute.[1] Thus, the Government submits, jurisdiction under the Tucker Act does not exist. Second, the Government contends that even if this Court has jurisdiction, it must dismiss this case for failure to state a claim because the Back Pay Act does not permit the award of damages for the discontinuation of an employment benefit that does not involve the direct payment of money to the complainant.

For the reasons set forth below, the Court agrees with Mr. Dustin that the SLRP statute triggers the money-mandating effect of the Back Pay Act and therefore enables this Court to exercise jurisdiction over this case under the Tucker Act. In addition, the Court finds that Mr. Dustin has stated a claim for relief under the Back Pay Act.

<u>Background</u>

Samuel Dustin began working for the United States Department of Veterans Affairs ("VA") on September 11, 2011. Am. Comp. ¶¶ 3, 5. To participate in the SLRP, Mr. Dustin entered into a binding Employment Services Agreement ("ESA"). Pursuant to the ESA, Mr. Dustin committed to remain a VA employee for at least three years. In return, the VA committed to repay up to $60,000 of his student loan debt. <u>Id.</u> at ¶ 5. At that time, Mr. Dustin had a total of $53,597.80 in student loan debt. <u>Id.</u> at ¶ 4. The Director of the VA medical center in Mesa, Arizona, where Mr. Dustin still works, authorized the SLRP on September 20, 2011. <u>Id.</u> at ¶ 6.

The terms of Mr. Dustin's ESA with the VA provided that the VA would remit biweekly payments to Mr. Dustin's loan servicer in amounts calculated to produce an annual total payment of $10,000, the statutory maximum. If Mr. Dustin were to leave the VA prior to the expiration of the mandatory service period, he could be required to return the full amount of the SLRP payments he had received until his exit. But if Mr. Dustin were to remain at the VA beyond the mandatory service period, he would continue to receive the benefit of the biweekly SLRP payments until the exhaustion of the maximum cumulative benefit of $60,000.

The SLRP did not go as planned. Rather than commencing the biweekly reimbursements as stipulated, the VA made its first and only SLRP payment in early October 2011 in a lump sum of $10,000. <u>Id.</u> at ¶ 7. Since February of 2012, Mr. Dustin has unsuccessfully pursued an explanation for the cessation of the SLRP payments. <u>Id.</u> at ¶ 9. For instance, Dustin has placed many calls and written many emails to VA staff, and he has contacted the VA and Office of Personnel Management ombudsmen. <u>Id.</u> Although the VA Network Director averred in September 2012 that the VA intended to pay Mr. Dustin the

---

[1] 5 U.S.C. § 5379 (2012).

arrearage in a lump sum and to quickly commence the biweekly payments under the terms of the agreement, the VA has not acted. Id. at ¶10. Mr. Dustin submits that he has nonetheless made his student loan payments on schedule to avoid default and has otherwise remained in compliance with the ESA. Id. at ¶¶ 12-13.

Analysis

I.   Standard of Review

The Court must determine that a plaintiff has established subject matter jurisdiction before proceeding to review the merits of the complaint. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). The jurisdiction of this Court is limited and extends only as far as prescribed by statute. Id. at 1172. It is the plaintiff's burden to show by a preponderance of the evidence that his case fits within the jurisdictional bounds of this Court. Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

In reviewing a motion to dismiss, the Court must accept as true all factual allegations submitted by the plaintiff. Bell Atlantic v. Twombley, 550 U.S. 544, 555 (2007). Accepting those allegations as true, for the plaintiff to survive dismissal, the Court must conclude that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombley, 550 U.S. at 556).

II.   The Court has Subject Matter Jurisdiction Over Mr. Dustin's Claim

The first issue is whether this Court can properly exercise subject matter jurisdiction over Mr. Dustin's claim against the Government for the SLRP payments in arrearage. Mr. Dustin contends that subject matter jurisdiction is established by the combined effect of the Back Pay Act, 5 U.S.C. § 5596, the federal statute underlying SLRP, 5 U.S.C. § 5379, the Tucker Act, 28 U.S.C. § 1491(a)(1), and the set of regulations and agency rules governing the administration of SLRPs at the VA. Am. Comp. ¶ 1. The Government contends that no statute cited by Mr. Dustin is "money-mandating" and so the complaint should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction. Def.'s Br. at 8.

Standing alone, the Back Pay Act is insufficient to establish jurisdiction. United States v. Connolly, 716 F.2d 882, 885, 887 (Fed. Cir. 1983). However, the Back Pay Act "expressly provide[s] money damages as a remedy against the United States in carefully limited circumstances." United States v. Testan, 424 U.S. 392, 404 (1976). For instance, the Back Pay Act can be facilitated to invoke the jurisdiction of this Court over a claim for the remittance of a wrongfully withdrawn employment benefit conferred by a statute or regulation "covered by the Tucker Act." Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999); see also Testan, 424 U.S. at 407. The violation of such a statute or

regulation effectively triggers the money-mandating effect of the Back Pay Act and permits this Court to exercise jurisdiction. Worthington, 168 F.3d at 26.

Acts of Congress and executive agency regulations which command or can be interpreted to command the payment of money are covered by the Tucker Act and thus trigger the Back Pay Act's money-mandating effect. See Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984) ("Unless some other provision of law commands payment of money to the employee . . . the Back Pay Act is inapplicable."); see also Sacco v. United States, 63 Fed. Cl. 424, 428 (2004) (collecting cases), aff'd, 452 F.3d 1305 (Fed. Cir. 2006). In combination with the Back Pay Act and the Tucker Act, an alleged violation of the SLRP statute suffices to establish jurisdiction because it is reasonable to interpret the SLRP statute as independently commanding the payment of money to Mr. Dustin.

The SLRP statute permits executive agency heads to establish an SLRP "in order to recruit and retain highly qualified personnel." 5 U.S.C. § 5379(b)(1). Under an SLRP, an agency may "agree to repay (by direct payments on behalf of the employee) any student loan previously taken out by such employee." Id. But if an agency elects to establish an SLRP, and, pursuant thereto, undertakes to repay the debt of a participating employee, the SLRP statute provides that "[p]ayments . . . *shall* be made subject to such terms . . . as may be mutually agreed to" by the participating agency and employee. Id. at § 5379(b)(1) (emphasis added). In ordering that payment "shall" be made in accordance with the terms of the voluntary agreement, the SLRP statute commands the payment of money to Mr. Dustin.

First, the language of the SLRP statute represents an implicit command. A statutory order that a federal agency "shall" perform a function "is the language of command." Escoe v. Zerbst, 295 U.S. 490, 493 (1935) (Cardozo, J.); see also Alabama v. Bozeman, 533 U.S. 146, 153 (2001). Interpreted in light of this basic presumption of statutory construction, the SLRP statute should be construed to command payments in accordance with the terms of the agreement as structured and implemented by the participating agency in its discretion. An interpretation that would afford an agency the discretion to arbitrarily revoke the payments would be antithetical to the purpose of the statute, which is "recruiting and retaining highly qualified personnel." 5 C.F.R. § 537.101.

Second, the SLRP implementing regulations reinforce the interpretation that the statute commands payment. While the SLRP regulations expressly empower the agency and the employee to agree to allow for an increase in SLRP benefits, 5 C.F.R. §§ 537.107(a)-(b), the regulations nowhere envision that an agency might unilaterally rescind the SLRP agreement. While the regulations provide that an SLRP agreement is not "right or entitlement to . . . continued employment," id. at § 537.107(c), the regulations do not undermine the reasonable conclusion that an ESA entitles an employee to continued payment under the agreement. Finally, that the regulations expressly permit an agency to include extra conditions to trigger the termination of payment indicates that an agency does

not enjoy unfettered discretion to terminate the payments without cause. Id. at § 537.107(f).

Accordingly, the combination of the Back Pay Act, the Tucker Act, and the SLRP statute and regulations is sufficient to establish subject matter jurisdiction in this Court.

### III.   Mr. Dustin has Asserted A Proper Claim for Relief

The Government also asks the Court to dismiss this action pursuant to Rule 12(b)(6) on grounds that Mr. Dustin has failed to state a claim for which relief can be granted. Here, the Government's primary contention is that because the SLRP payments are remitted to the servicer of Mr. Dustin's student loan debt, and are not paid directly to Mr. Dustin himself, the Back Pay Act is inapplicable. Def.'s Br. at 7.

To state a claim sufficient to qualify for the prospect of relief under the Back Pay Act, Mr. Dustin must show that (1) this Court is the "appropriate authority" to determine whether (2) he was subject to an "unjustified or unwarranted personnel action" that (3) "resulted in the withdrawal or reduction of all or part of [his] pay, allowances, or differentials." 5 U.S.C. § 5596(b)(1); see also Collier v. United States, 379 F.3d 1330, 1332-33 (Fed. Cir. 2004).

Whether this Court is the "appropriate authority" to make an award under the Back Pay Act depends on whether the personnel action at issue is one over which the Civil Service Reform Act has deprived this Court of jurisdiction. United States v. Fausto, 484 U.S. 438, 454 (1988); Salinas v. United States, 323 F.3d 1047, 1049 (Fed. Cir. 2003); Sacco, 63 Fed. Cl. at 428-29. A dispute arising from the unexplained withdrawal of SLRP payments is not among the personnel actions within the purview of the Civil Service Reform Act. 5 U.S.C. § 7512. Accordingly, this Court is an "appropriate authority" to make a determination pursuant to the Back Pay Act.

In this case, the parties do not dispute that Mr. Dustin's complaint satisfies the second prong of the test for eligibility under the Back Pay Act. The Government concedes that after disbursing the initial lump-sum payment of $10,000 in October 2011, the VA "ceased repayment." Def.'s Br. at 4. Notwithstanding its admission of error, and offering no justification, the VA has since "failed to resume repayment of Mr. Dustin's student loans." Id. As Mr. Dustin asserts, "[n]o interpretive gymnastics are required to see that this [admission of error and unexplained inaction] satisf[y] the need to claim an unjustified or unwarranted personnel action." Pl.'s Rep. at 7.

Here, the heart of the controversy concerns whether the suspension in SLRP payments constitutes a reduction in the "pay, allowances, or differentials" due to Mr. Dustin. In 2000, the Office of Personnel Management ("OPM") issued a revision of the Back Pay Act regulations in which they redefined "pay, allowances, and differentials" to

mean: "pay, leave, and other monetary employment benefits to which an employee is entitled by statute or regulation and which are payable by the employing agency to an employee during periods of Federal employment." 5 C.F.R. § 550.803.  The Government argues with formalistic fervor that because the SLRP payments were paid to the loan servicer, and not Mr. Dustin himself, Mr. Dustin cannot qualify for relief under the Back Pay Act.  The Court disagrees.

The "monetary benefit" of the SLRP payments goes to Mr. Dustin.  This is evident in the structure of the statute.  If an employee executes an SLRP agreement, and then absconds from employment prior to the termination of the mandatory service period, it is the employee, not the loan servicer, who must reimburse the employer agency for every penny paid out under the agreement. 5 U.S.C. § 5379.  This is because the employee is the beneficiary of the SLRP.  The money paid to the loan servicer by the employer is the money that the employee is duty-bound to pay if not for the SLRP agreement.  Had the VA held up its end of the bargain, Mr. Dustin would have enjoyed the benefit of the sum of the money that was paid.  The "monetary benefit" of the SLRP is thus "payable to" Mr. Dustin.

Although the SLRP payments are remitted to an entity other than the employee, in a manner analogous to health insurance, the benefit redounds to the employee.  The Ninth Circuit has held that a public agency's failure to provide health insurance coverage for the spouse of an employee diminished the employee's "pay, allowances, or differentials" so as to justify a remedy under the Back Pay Act. In re Levenson, 587 F.3d 925, 936 (9th Cir. 2009).  In Levenson, not only were the payments supposed to be made to an entity other than the employee, the primary benefits of the payments were to be enjoyed by an individual other than the employee. Id.  Yet the court concluded that "[t]he ability to obtain health . . . care for one's family is a valuable benefit of employment . . ." Id.  Similarly, the ability to obtain a repayment of one's student loans is a valuable benefit of employment.

### Conclusion

For the aforementioned reasons, Mr. Dustin has stated a claim for which relief can be granted under the Back Pay Act and has established the subject matter jurisdiction of this Court.  The Government's motions to dismiss this case for failure to state a claim and for lack of subject matter jurisdiction are therefore DENIED.  Barring some legitimate defense, the Court expects the United States and the VA to resolve this seemingly clerical dispute forthwith without the need for further litigation.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge